JOHN MICHAEL AND CONSTANCE LUE CASSADY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cassady v. Commissioner
Docket No. 13032-84.
United States Tax Court
T.C. Memo 1986-577; 1986 Tax Ct. Memo LEXIS 28; 52 T.C.M. (CCH) 1130; T.C.M. (RIA) 86577; December 8, 1986. John Cassady, pro se. James Kamman, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d)(3) (redesignated as sec. 7443A(b)(3) by sec. 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat.    ) and Rules 180, 181 and 182. [1]
Respondent determined deficiencies in petitioners' Federal income taxes as follows: Addition to Tax
Year
Tax Deficiency
Sec. 6653(a)
1980
$544
1981
587 $29
Petitioners resided at Irvine, California, when they timely filed their petition herein. After concessions, [2] the issues remaining for determination are: (1) the deductibility of expenses claimed on petitioners' 1980 Schedule C for local transportation and home office expense; [3] (2) the disallowance in 1981 for coaching expenses and equipment; (3) petitioners' entitlement *30 to the exclusion of $3,600 in 1980 and $2,400 in 1981 as fellowship grants pursuant to section 117; and (4) the addition to tax under section 6653(a) for 1981. Petitioner John Cassady was awarded a Ph.D. in Biological Science by the University of California at Irvine in 1972. During 1980, John had the title Associate Specialist with the University at Irvine. This title was used for academic appointees who were engaged in research in specialized areas and who did not have teaching responsibilities. Between January 1, 1980 and August 31, 1981, John worked on research with *31 Leonard M. Kitzes, an Associate Professor, on a research grant awarded Prof. Kitzes by the National Institutes of Health. John was an active participant with Prof. Kitzes in conducting the research program specified in the grant and to a substantial extent worked independently in his role as a bio-medical scientist. John was not a candidate for a degree during either 1980 or 1981. Also during 1980 John provided a computer software program for Dr. Robert Blanks, for which he was paid through the University from funds from Dr. Blanks' grant from the National Institutes of Health. He received payments from the University from the following sources of funds: 1980
Kitzes NIH Grant
$16,345.05
Blanks NIH Grant
2,108.45
Health Science Compensation Plan
1,376.25
$19,829.75
1981
Kitzes NIH Grant
$10,771.68
Blanks NIH Grant
89.83
$10,861.51
All of these amounts were paid petitioner by the University and all were reported by the University as wages paid petitioner. Petitioner now contends that the amounts received in connection with the computer software program were received by him in his status as an independent contractor, and as such, represented *32 income which more properly should have been shown on his Schedule C for each year as consulting income. All of the Schedule C expenses claimed, $1,132 for 1980 and $1,233 for 1981, were disallowed by respondent on the grounds that it had not been shown they were incurred or paid in connection with a trade or business, and that they had not been substantiated. Additionally, respondent determined that the business use of a portion of a residence could not be allowed inasmuch as expenses for such use are limited to the income attributed to such business use. On their returns for the years in question petitioners reported no such income, but they now allege that $2,108.48 and $89.83 of such income were received in 1980 and 1981, respectively. Petitioners bear the burden of proving respondent's determination to be incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). They have failed to provide any evidence whatsoever as to the use of their home for business purposes. Although respondent agreed as to the appropriate amount of the home office deduction for 1980, should *33 it be held petitioners are entitled to such a deduction, respondent did not concede that a portion of the home was used for business purposes. Petitioners likewise failed entirely to prove that any of the other expenses claimed were in fact business related or even that they had been incurred. Thus it is sufficient, standing alone on a failure of proof, to uphold respondent's disallowance of the Schedule C expenses during both hears. Additionally, however, petitioners have failed to prove that work done by John for Dr. Blanks in the preparation of a computer software program was done as a consultant and not as an employee of the University. There is no doubt that Dr. Cassady accomplished this task in an independent manner, with Dr. Blanks leaving the methodology to Dr. Cassady. Working relatively independently, however, is frequently the touchstone of University employment: it does not make the worker any the less an employee for Federal tax purposes, and John was so treated by his employer who reported such amounts as wages paid. Petitioner John further contends that he is entitled, under section 117, to exclude from his gross income $300 per month for each month in which he *34 received funds from the University which had as their source the National Institutes of Health grant awarded to Dr. Kitzes. Section 117(a) provides for the exclusion from gross income of -- (1) any amount received -- * * * (B) as a fellowship grant, * * * (b) Limitations. -- * * * (2) Individuals who are not candidates for degrees. -- In the case of an individual who is not a candidate for a degree at an educational organization described in section 170(b)(1)(A)(ii), subsection (a) shall apply only if the condition in subparagraph (A) is satisfied and then only within the limitations provided in subparagraph (B). (A) Conditions for exclusion. -- The grantor of the scholarship or fellowship grant is -- * * * (iv) the United States, or an instrumentality or agency thereof, or a State, or a possession of the United States, or any political subdivision thereof, or the District of Columbia. (B) Extent of exclusion. -- The amount of the scholarship or fellowship grant excluded under subsection (a)(1) in any taxable year shall be limited to an amount equal to $300 times the *35 number of months for which the recipient received amounts under the scholarship or fellowship grant during such taxable year * * *. * * * Dr. Cassady makes the point that the research he engaged in on Dr. Kitzes' National Institutes of Health research grant resulted in substantial new knowledge to him, sharpening his research skills as a biologist as well as his computer programming skills in that area. We agree and find as a fact that he benefitted substantially as a researcher from this project. But this finding, standing alone, cannot serve to support his argument that a portion of the amounts he received is excludable. The fact is that Dr. Cassady was never awarded a fellowship grant, and consequently did not receive "any amount * * * as a fellowship grant." The grantee was either Dr. Kitzes or the University, not petitioner. The funds which were received by petitioner were amounts paid as compensation for his service in the research project with Dr. Kitzes. Such amounts represent gross income. Sec. 61; sec. 1.117-4(c), Income Tax Regs.
We considered an analogous situation in Littman v. Commissioner,42 T.C. 503 (1964), where *36 the taxpayer, an assistant professor in chemical engineering at Syracuse University was offered a temporary appointment as a Resident Research Associate at the Argonne National Laboratory, which was operated by the University of Chicago under contract with the United States Atomic Energy Commission. While at Argonne, taxpayer was required to work on a subject within the area of research being carried on at Argonne. We held there, as we now hold here, that petitioner was paid for the research which he did for the University and that he did not receive a fellowship grant. We also considered a similar situation in Woodfin v. Commissioner,T.C. Memo. 1972-49, where the taxpayer was research associate to a principal investigator on a National Science Foundation grant awarded the University of Michigan. In Woodfin, as in the case at bar, the grantor did not select the research associate under the grant and the University withheld income tax and FICA tax from the salary received. In Woodfin we held the pivotal question to be "whether the amount paid to petitioner by the University * * * was for the primary purpose of aiding her in the pursuit of study or research *37 at the University or whether the benefits of her research inured primarily to the University." 31 T.C.M. 208, 211, 41 P-H Memo T.C. par. 72,049 at 222-72. The record is clear that the National Institutes of Health did not award a fellowship grant to petitioner. The grant awarded was either to the University of California, Irvine, or to Dr. Kitzes. Petitioner was under the direction and supervision of Dr. Kitzes to advance the project which he conceived; he was not free to engage in research activities of his own choosing. The fact that petitioner derived substantial training and experience in the project is not determinative. Presumably such would be the result of any well organized project of a scientific nature. Accordingly, we hold that Dr. Cassady received the amounts in question as compensation for his services as a research associate for the University. He is not entitled under section 117 to exclude any amount from gross income.Compare Vaccaro v. Commissioner,58 T.C. 721 (1972), allowing the exclusions where the taxpayer was not required to perform any specific services for the University and did not participate in the University's research *38 projects but engaged in research designed to develop his own professional skills. Miscellaneous deductions
Under the label "coaching expense and equipment," petitioners deducted $547 in 1981 of which respondent disallowed $169 for lack of substantiation. Petitioner Constance is a school teacher who during 1980 and 1981 was in charge of a new girls' soccer program, and also was involved in art and stage craft at the school. Petitioners now contend that Constance expended a total of $1,068.89 which was not reimbursed by the school and which amount should have been claimed on the return rather than $547. Petitioners bear the burden of proving respondent's determination is incorrect. Welch v. Helvering,supra;Rule 142(a). We have carefully reviewed the evidence submitted by petitioners at trial and hold that they are entitled to deduct $690.89 in addition to the $378 previously allowed by respondent for 1981. Addition to tax under section 6653(a)
The final issue is whether petitioners are liable for the addition to tax for negligence under section 6653(a) for 1981. *39 The burden of proof is on them to show that they are not so liable, and we hold they have not sustained that burden. Billman v. Commissioner,83 T.C. 534, 541 (1984). To reflect the foregoing and the concessions by both parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners concede respondent properly reduced miscellaneous deductions claimed for 1980 by $430, as set forth in the statutory notice; they also concede the reduction of the 1980 casualty loss deduction by $100. Petitioners also concede the following 1981 adjustments: disallowance of Schedule C expenses claimed for entertainment, car depreciation and "Proportion house", $447 miscellaneous deduction claimed for unreimbursed business expenses and $37 claimed for cleaning expenses. ↩
3. Parties agree that if petitioners are entitled to a deduction in 1980 for their home office, the amount will be $837.↩